UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN STRICKLIN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-1354 (CEJ) |
| ) | |
| LITTON LOAN SERVICING, L.P., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendants Litton Loan Servicing, L.P. (Litton), and Ocwen Loan Servicing, LLC. (Ocwen), to dismiss Counts I, IV, and VI of plaintiffs' first amended complaint pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff John Stricklin responded in opposition, and the issues are fully briefed.[1]

### I. Background

On January 14, 2005, plaintiffs purchased the real property at 5067 Annette Drive in Jefferson County, Missouri. The purchase was funded by a mortgage loan, secured by the property. Defendant Litton was the servicer of that mortgage. On October 24, 2009, plaintiffs entered into a trial modification of the loan, which lowered their payments on the mortgage. Plaintiffs allege that on February 7, 2011, defendants cancelled the modification, and failed to properly credit payments made by plaintiffs during the trial modification period. Plaintiffs ceased to make payments on the loan after the previous payments were not credited. The loan went into default. In July of 2011, Litton transferred the servicing of the loan to defendant Ocwen. The property was foreclosed upon and sold in a trustee's sale on September 10, 2012.

---

[1] Plaintiff Christine Dwiggins did not respond to defendants' motion.

Defendants at all times were acting as agents for the holder of the note, Bank of America.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) citing Swierkiewicz v. Sorema N.A., 534 U.S.506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570; see also id. at 562-63 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

## III. Discussion

### A. Fair Debt Collection Practices Act (Count I)

Defendant Litton argues that plaintiffs cannot state a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, because Litton is not a "debt collector" within the meaning of the Act. The FDCPA "makes it unlawful for debt

collectors to use abusive tactics while collecting debts for others." Barnes v. Citigroup, Inc., No. 4:10-cv-620 (JCH), 2010 WL 2557508, at *3 (E.D. Mo. June 15, 2008) (citations and quotations omitted). The Act defines "debt collector" to exclude "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due to the extent such activity… (iii) concerns a debt which was not in default at the time it was obtained by such person…." 15 U.S.C. 1692a(6)(F)(iii). Therefore, mortgage servicing companies are not "debt collectors" if they obtain the loan for servicing before default. See, e.g., Glazer v. Chase Home Fin., LLC, 704 F.3d 453, 475 (6th Cir. 2013); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); Barnes, 2010 WL 2557508, at *3 (same).

According to plaintiffs' own allegations, Litton obtained the loan for serving prior to default. Because Litton is not a "debt collector" within the meaning of the FDCPA, Count I will be dismissed as to that defendant only.

      **B.**      **Breach of Contract (Count IV)**

In order to state a claim for breach of contract, plaintiffs must allege: (1) the existence of a contract between plaintiffs and defendants, (2) that plaintiffs had rights and defendants had obligations under the contract, (3) that defendants breached the contract, and (4) damages resulted to plaintiffs from the breach. See, e.g., Grobe v. Vantage Credit Union, 679 F.Supp.2d 1020, 1028 (E.D. Mo. 2010); Guidry v. Charter Commc'ns, Inc., 269 S.W.3d 520, 527 (Mo. Ct. App. 2008). Plaintiffs have not pled the existence of a contract between themselves and defendants Litton and Ocwen.

The contract at issue is between plaintiffs and the holder of the note, defendant Bank of America. Although Litton and Ocwen acted as the agents of Bank of America, "[i]n Missouri, an agent for a disclosed principal is not liable for the [breach] of a contract" between the principal and a third party. Grobe, 679 F.Supp.2d at 1028; see also State ex rel. William Ranni Assocs., Inc. v. Hartenbach, 742 S.W.2d 134, 140 (Mo. 1987) (*en banc*). Plaintiffs do not argue that any exceptions to the disclosed principal rule apply in this case. Accordingly, Count IV will be dismissed as to defendants Litton and Ocwen only.

### C. Fraud (Count VI)

In order to state a claim of fraudulent misrepresentation under Missouri law, plaintiffs must allege:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

Freitas v. Wells Fargo Home Mortg., Inc., 703 F.3d 436, 438-39 (8th Cir. 2013) (quoting Renaissance Leasing, LLC v. Vermeer Mfg. Co., 322 S.W.3d 112, 131-32 (Mo. 2010) (*en banc*)). Plaintiffs' complaint must also satisfy the heightened pleading standard of Fed.R.Civ.P. 9(b). "In alleging fraud… a party must state with particularity the circumstances constituting [the] fraud…" Fed.R.Civ.P. 9(b). To satisfy this standard, "the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." United States ex rel. Joshi v. St. Luke's Hops., Inc., 441 F.3d 552, 556 (8th Cir. 2006).

Plaintiffs have failed to plead with the clarity and particularity required by Rule 9(b). After examining the first amended complaint, the Court cannot identify a clear allegation of a false representation. Plaintiffs allege that a representative of Litton informed them that they qualified for a trial period of loan modifications, resulting in lower monthly payments. They do not suggest that this statement was false. Plaintiffs enjoyed a period of lower payments until the trial period ended and the monthly payments increased. Plaintiffs allege that Litton never intended to grant them a permanent modification. However, plaintiffs do not allege that Litton ever represented that they would be granted a permanent modification. Plaintiffs' allegations fall far short of the heightened pleading standard of Rule 9(b). Accordingly, Count VI will be dismissed.

\*\*\*

For the reasons discussed above,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. #29] is **granted**.

**IT IS FURTHER ORDERED** that Count I of the first amended complaint is **dismissed** with respect to defendant Litton Loan Servicing, L.P. only, and Counts IV and VI are **dismissed** with respect to defendants Litton Loan Servicing, L.P. and Ocwen Loan Servicing, LLC.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2014.