UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN STRICKLIN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-1354 (CEJ) |
| ) | |
| LITTON LOAN SERVICING, L.P., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant The Boyd Law Group (BLG), L.C., to dismiss Counts I, II, and V of plaintiffs' first amended complaint pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff John Stricklin responded in opposition, and the issues are fully briefed.[1]

I. **Background**

This suit arises from plaintiffs' alleged default on a mortgage loan. On December 6, 2011, defendant BLG notified plaintiffs that it had been appointed successor trustee to foreclose on the property securing the loan. On January 3 and April 18, 2012, plaintiff Stricklin's attorney informed defendant that plaintiff disputed the amount and status of the debt. Defendant never attempted to verify the debt, and initiated foreclosure proceedings without notifying plaintiff's counsel. On September 10, 2012, defendant conducted a trustee's sale of the property.

Plaintiffs bring claims against defendant under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (Count I) and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 (Count II). Plaintiffs also bring a claim of negligence (Count V).

---

[1] Plaintiff Christine Dwiggins did not respond to defendant's motion.

II.  Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570; see also id. at 562-63 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

III.  Discussion

A.  Fair Debt Collection Practices Act (Count I)

Defendant argues that plaintiffs cannot state a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, because defendant is not a "debt collector" within the meaning of the Act. The FDCPA "makes it unlawful for debt collectors to use abusive tactics while collecting debts for others." Barnes v. Citigroup, Inc., No. 4:10-cv-620 (JCH), 2010 WL 2557508, at *3 (E.D. Mo. June 15,

2008) (citations and quotations omitted). The Act defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

The term "debt collector" does not include an enforcer of a security interest, except for claims under section 1692f(6). See, e.g., Chomilo v. Shapiro, Nordmeyer & Zielke, LLP, Civ. No. 06-3103 (RHK/AJB), 2007 WL 2695795, at *4 (D. Min. Sept. 12, 2007) ("[T]he Court concludes that an enforcer of a security interest, such as a law firm foreclosing on mortgages of real property… falls outside the ambit of the FDCPA except for provisions of section 1692f(6)."); c.f. Friend v. Fryberger, Buchanan, Smith & Frederick, P.A., No. 11-CV-1584 PJS/LIB, 2012 WL 503796, at *5 (D. Min. Feb. 14, 2012) (explaining that the FDCPA continues to apply to enforcers of security interests if those enforcers also fall within the general definition of "debt collector"). Plaintiffs allege that defendant, in its capacity as successor trustee, attempted to collect a debt owed to a third party by threatening to foreclose on property through a trustee's sale. As an enforcer of a security interest, defendant is only a debt collector for purposes of 15 U.S.C. § 1692f(6). Plaintiffs have failed to allege any facts, such as whether defendant regularly collects debts, that would bring defendant under the FDCPA's general definition of debt collector.

Under 15 U.S.C. § 1692f(6), a debt collector may not take or threaten non-judicial foreclosure if "there is no present right to possession of the property claimed as collateral through an enforceable security interest…." Id. Plaintiffs have alleged facts sufficient to state a claim under this provision. Although plaintiffs did not refer

to specific provisions of the FDCPA in their amended complaint, the allegations in the pleadings and their brief makes clear their intent to bring claims under 15 U.S.C. §§ 1692c(a)(2) and 1692f(6). Accordingly, while the Court will deny the motion to dismiss Count I, the allegations against defendant BLG relating to § 1692c(a)(2) will be stricken.

B.   Real Estate Settlement Procedures Act (Count II)

The Real Estate Settlement Procedures Act (RESPA) provides plaintiffs with a private right of action if a loan servicer fails to respond to a qualified written request for information about a loan. 12 U.S.C. § 2605(e). A "servicer" is defined as "the person responsible for servicing of a loan." The term "servicing" is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts from escrow accounts, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(2)-(3).

Defendant argues that plaintiffs cannot state a claim under RESPA, because it is not a loan servicer, nor have plaintiffs alleged it to be such. The Court agrees. As a successor trustee, defendant was not a loan servicer and did not receive any scheduled periodic payments. See Gomez v. Wells Fargo Home Mortg., No. 11-01725, 2011 WL 5834949, at *3-4 (N.D. Cal. Nov. 21, 2011) (concluding that trustee on the deed of trust was not a "servicer" under RESPA). Accordingly, this count will be dismissed.

### C. Negligence (Count V)

To state a claim for negligence, a plaintiff must show: "(1) the existence of a duty to conform to a certain standard of conduct to protect others against unreasonable risks, (2) breach of the duty, (3) proximate cause, and (4) actual damages." Wivell v. Wells Fargo Bank, N.A., No. 12-3457-CV-S-DGK, 2013 WL 3442810, at *1 (W.D. Mo. July 9, 2013) (quoting Ivey v. Nicholson-McBride, 336 S.W.3d 155, 157 (Mo. Ct. App. 2011)). In their amended complaint, plaintiffs allege that defendant, as successor trustee, owed them a duty of care and breached that duty by sending foreclosure notices without sending a copy to plaintiffs' attorney, failing to verify the status of the debt and provide proof of the same, and failing to ensure that defendant held valid title as successor trustee prior to foreclosure. Defendant argues that plaintiffs failed to allege any facts to show that it had a duty to protect plaintiff, or that a breach of that duty resulted in damages.

"A trustee in a deed of trust acts in a fiduciary capacity and he must act with complete integrity, fairness, and impartiality toward both the debtor and the creditor. The duties and powers of a trustee are fixed by the terms of the contract, namely, the deed of trust." Spires v. Edgar, 513 S.W.2d 372, 378 (Mo. 1974) (*en banc*). Accordingly, the deed of trust must set forth any duty defendant owed to plaintiffs. Wivell, 2013 WL 3442810, at *1 (dismissing plaintiffs' claim of negligence against trustee, because plaintiffs failed to identify the breach of a duty specifically imposed on the trustee by the deed of trust). Plaintiffs have failed to identify any language in the deed of trust imposing the duties allegedly breached. See Deed of Trust, Pl. Ex. 1 [Doc. #27-1].

Moreover, Missouri courts have long held that, "in the absence of unusual circumstances known to the trustee, he may, upon receiving a request for foreclosure from the creditor, proceed upon that advice without making any affirmative investigation" of the default. Spires, 513 S.W.2d at 378-79; Sparks v. PNC Bank, 400 S.W.3d 454, 458 (Mo. Ct. App. 2013) (quoting Spires, 513 S.W.2d at 378) ("When requested by the creditor to foreclose, the trustee may proceed without making any affirmative investigation unless the trustee has actual knowledge 'of anything which should legally prevent the foreclosure.'"). While defendant allegedly knew the debt was disputed, the amended petition does not state a *legal* reason that should have prevented defendant from foreclosing. See Sparks, 400 S.W.3d at 459 ("the mortgagor's claims against the trustee would be derived from the deed of trust or legal documents outlining the terms of the mortgage agreement and, specifically, what legally prevents foreclosure."). Accordingly, Count V of plaintiffs' amended petition will be dismissed.

For the reasons discussed above,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #38] is **granted** with respect to Counts II and V and **denied** with respect to Count I.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2014.