UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN STRICKLIN and CHRISTINE DWIGGINS, )
    Plaintiffs, )
    vs. ) Case No. 4:13-CV-01354-CEJ
LITTON LOAN SERVICING, L.P., et al., )
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of defendants Bank of America, N.A., (BoA) and U.S. Bank, N.A., to dismiss Count III of the first amended complaint, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The issues are fully briefed.

**Background**

Plaintiffs allege that in January 2005, they executed a promissory note secured by a deed of trust for the purchase of a house in Jefferson County, Missouri. The note was originally held by Resmae Mortgage Corporation. At some point, the note and deed of trust were assigned to BoA, and plaintiffs began making mortgage payments to BoA. Servicing of the mortgage was handled by defendants Litton Loan Servicing, L.P. and later Ocwen Loan Servicing, L.L.C.

According to the complaint, BoA assigned the deed of trust to U.S. Bank, in March 2012. However, approximately one month prior to the assignment, U.S. Bank appointed defendant The Boyd Law Group, L.C. (BLG) as successor trustee to the deed of trust. Plaintiffs allege that U.S. Bank "did not own the Note nor hold the Deed of Trust" at the time it appointed BLG as successor trustee. *Amended*

*Complaint* ¶ 36 (Doc. # 27) (emphasis added). Attached to the amended complaint and incorporated by reference is a document titled "Appointment of Successor Trustee," dated February 16, 2012, which reflects the appointment of BLG by U.S. Bank. In the document, U.S. Bank is identified as "<u>the lawful holder</u> of the promissory note in the amount of $229,900.00 secured by the deed of trust granted by Chris Dwiggins A/K/A Christine Dwiggins and John Stricklin . . ." *Id.* (Doc. 27-4) (emphasis added).

In April 2012, BLG electronically filed the assignment of the deed of trust from BoA to U.S. Bank and the document appointing BLG as trustee. BLG initiated foreclosure proceedings on the plaintiffs' house several times between May and August 2012. Following the foreclosure, on September 10, 2012, BLG conducted a trustee's sale in which the house was sold to U.S. Bank.

Count III is brought as an action to quiet title. Plaintiffs allege that BLG was not properly appointed as successor trustee and therefore could not conduct the trustee's sale or convey title to the property. Plaintiffs claim that, as a result, U.S. Bank cannot claim title to the property, and they seek a declaration that they are the owners of the property.

## I. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319,

327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570; *see also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

## II. Discussion

### A. BoA's motion to dismiss

BoA seeks to dismiss Count III because it assigned its interest in the property to U.S. Bank before the foreclosure sale. Plaintiffs agree and do not oppose BoA's motion. Therefore, the Count III will be dismissed as to BoA.

### B. U.S. Bank's motion to dismiss

"A wrongful foreclosure action seeking to quiet title or set aside a sale may proceed . . . whenever plaintiff alleges certain wrongful acts that are sufficient to render the sale void." *Lackey v. Wells Fargo Bank, N.A.*, 747 F.3d 1033, 1037 (8th Cir. 2014), *reh'g denied* (May 13, 2014) (citing *Fields v. Millsap & Singer, P.C.*, 295 S.W.3d 567, 572 (Mo. Ct. App. 2009)). Under Missouri law, a holder of a note is entitled to enforce the note. *U.S. Bank Nat'l Ass'n v. Burns*, 406 S.W.3d 495, 497 (Mo. Ct. App. 2013). "A 'holder' is a 'person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession.'" *Lackey*, 747 F.3d at 1037–38 (quoting Mo.

Ann. Stat. § 400.1-201(20)). A party that is the "holder of a note" secured by a deed of trust is "entitled to appoint [a] successor trustee to the deed of trust." *Id.* at 1037. That is because "the note and the deed of trust are inseparable, and when the promissory note is transferred, it vests in the transferee 'all the interest, rights, powers and security conferred by the deed of trust upon the beneficiary therein and the payee in the notes.'" *Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619, 623 (Mo. Ct. App. 2009) (quoting *St. Louis Mut. Life Ins. Co. v. Walter*, 46 S.W.2d 166, 170 (1931)); *see also U.S. Bank Nat'l Ass'n*, 406 S.W.3d at 497.

Plaintiffs' allegation that U.S. Bank did not "own" the note is insufficient to support their claim for relief in Count III. Further, plaintiffs have incorporated by reference the February 16, 2012 document showing that U.S. Bank was in fact the "holder" of the note. As holder of the note U.S. Bank had control over the deed of trust as well. Thus, U.S. Bank had the authority to appoint BLG as successor trustee under the deed of trust.[1] Therefore, plaintiffs' sole claim against U.S. Bank seeking equitable relief from a wrongful foreclosure on that basis fails to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Bank of America, N.A. to dismiss Count III [Doc. #46] is **granted**.

**IT IS FURTHER ORDERED** that the motion of defendant U.S. Bank, N.A. to dismiss Count III [Doc. #58] is **granted**.

---

[1] The plaintiffs' assertion that BLG's failure to record its appointment as successor trustee voids the foreclosure sale is belied by the "Appointment of Successor Trustee" document they attached to their amended complaint which clearly shows that the document was filed in the Jefferson County Recorder's office. See Doc. # 27-4. Further, this is not a claim asserted in the complaint.

An order of partial dismissal will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2015.